# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* E.B.

No. 19-0597 (Raleigh County 13-JA-76-P)

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner T.B.,[1] pro se, appeals the Circuit Court of Raleigh County's June 11, 2019, order denying her motion to modify disposition.[2] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Matthew Brandon Fragile, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to modify disposition when it did not provide her proper notice of the hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following the initiation of child abuse and neglect proceedings against petitioner, the circuit court terminated her parental rights in December of 2014 based upon a finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. The circuit court also found that petitioner failed to cooperate with the DHHR, failed to comply with services designed to alleviate the conditions of abuse and neglect,

---

[1]Petitioner is the child's biological mother, whose parental rights were terminated in December of 2014.

[2]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

and suffered from substance abuse addiction that she refused to address. Petitioner did not appeal the circuit court's final dispositional order.

Petitioner filed a motion seeking modification of disposition in May of 2019. Petitioner requested visitation and the opportunity to "re-establish rights." The circuit court scheduled a hearing on June 6, 2019. On the date of the hearing, petitioner did not appear. The circuit court denied petitioner's motion for modification of disposition, finding that it did not have authority to grant petitioner the relief she requested. It is from the June 11, 2019, order denying her motion that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion to modify disposition when she did not receive proper notice of the hearing. According to petitioner, the circuit court entered the wrong zip code for her address, resulting in her never receiving notice of the hearing. We find that petitioner is entitled to no relief on appeal.

Pursuant to West Virginia Code § 49-4-606(a),

[u]pon motion of *a child, a child's parent or custodian or the department* alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to [§ 49-4-604] and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

(Emphasis added). This Court has held that

---

[3]The child was placed in the nonabusing father's care following the termination of petitioner's parental rights in 2014. The permanency plan for the child is to remain in his care.

[a] final order terminating a person's parental rights, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, completely severs the parent-child relationship, and, as a consequence of such order of termination, the law no longer recognizes such person as a "parent" with regard to the child(ren) involved in the particular termination proceeding.

Syl. Pt. 4, *In re Cesar L.*, 221 W. Va. 249, 654 S.E.2d 373 (2007). Further,

[a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to [West Virginia Code § 49-4-606] to move for modification of disposition of the child with respect to whom his/her parental rights have been terminated.

*Id.* at 251, 654 S.E.2d at 375, syl. pt. 6.

Here, the record is clear that petitioner's parental rights to E.B. were terminated in 2014. Therefore, petitioner did not have standing to seek modification of disposition. As shown above, a parent whose parental rights have been involuntarily terminated "does not have standing as a 'parent' . . . to move for modification of disposition." *Id.* Accordingly, any alleged lack of notice to a hearing on her motion to modify disposition is irrelevant given that petitioner lacked standing to file the motion in the first place. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 11, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 7, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison